TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-03-00555-CR







In re Diana Dial







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT


NO. 97-569-K277, HONORABLE WILLIAM S. LOTT, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



Diana Dial appeals from an order by the district court denying her request for forensic
DNA testing. See Tex. Code Crim. Proc. Ann. art. 64.01-.05 (West Supp. 2004). Dial is serving a
sixty-year prison term for murder. Her conviction was affirmed by this Court and is now final. See
Dial v. State, No. 03-98-00040-CR, 1999 Tex. App. LEXIS 3366 (Tex. App.--Austin May 6, 1999,
pet. ref'd) (not designated for publication).

By her pro se motion, Dial sought to have biological samples from the deceased
tested. It is Dial's contention, discussed at length in her brief to this Court, that the deceased, Wilber
Jackson Pharris, was in fact Ilyich Ramirez Sanchez, the international assassin also known as "the
Jackal." Dial contends that the deceased had been hired to kill her by a conspiratorial group
including many well-known political figures. She asserts that DNA testing will serve to identify the
deceased as this paid assassin.

Dial's motion was not accompanied by an affidavit containing statements of fact in
support of the motion. See id. § 64.01(a). Dial's identity as the person who killed the deceased was
not and is not an issue. See id. § 64.03(a)(1)(B). Even if the evidence Dial seeks to have tested is
available, there are no facts in the record before us that would support a finding that the results
would be exculpatory or that Dial would not have been convicted had DNA testing been performed
prior to her trial. See id. § 64.03(a)(2)(A).

The district court did not abuse its discretion by denying the motion for testing. The
order is affirmed.



 __________________________________________

 Bob Pemberton, Justice

Before Justices Kidd, B. A. Smith and Pemberton

Affirmed

Filed: May 6, 2004

Do Not Publish